IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICK D. McCOWN,<br>Plaintiff<br><br>v.<br><br><br><br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA,<br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL ACTION NO.<br>5:22-cv-126 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Life Insurance Company of North America wrongfully terminated Patrick McCown's short-term disability benefits and wrongfully denied his claim for long-term disability benefits.

**I. PARTIES**

1. Plaintiff Patrick D. McCown is a resident of Helotes, Medina County, Texas.

2. Defendant Life Insurance Company of North America (LINA) is an insurance company licensed to do business in Texas and can be served with citation by serving its agent for service of legal process CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas. 75201-4284.

## II. JURISDICTION AND VENUE

3.     This lawsuit is a claim for disability benefits provided by an ERISA welfare benefit plan brought under 29 U.S.C. §1132(a)(1)(B). This court has jurisdiction over this claim for disability benefits under 29 U.S.C. §1132(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Venue is proper in the Western District of Texas, San Antonio Division, in accordance with 29 U.S.C. §1132(e)(2) as the disability benefit payment obligations under the plan are to McCown at his home in Helotes, Medina County, Texas.

## III. STATEMENT OF FACTS

4.   Prior to becoming disabled, Patrick McCown worked for the Williams Companies, Inc. as a Senior Manager of Operations for the Eagle Ford North site in Pearsall, Texas. He worked for Williams for over 37 years. Williams is a Fortune 500 company based in Tulsa, Oklahoma. Its core business is natural gas processing and transportation, with additional petroleum and electrical generation assets. McCown was responsible for managing approximately 50 employees and 5 supervisors. He was required to travel to remote sites two to three times per week, sometimes more. His job responsibilities included seeing that employees under his supervision safely extracted natural gas from the ground and into a pipeline, and that they properly separated and dealt safely with the byproducts. Many of the substances at the well-sites were extremely toxic.

5.  Beginning in 2013, McCown began to suffer from severe groin pain that interfered with his day-to-day work activities. He persevered through the pain,

continuing to work to provide for his family. He saw specialists, went to the Mayo Clinic, and even underwent surgery, but to this day he has not found a cure. Often times he would have to come home from work early because he was physically ill from the pain.

6. Despite a strong narcotic medication regimen, his groin pain has grown worse over time. His pain, and the increasing doses of narcotic medication required to control his pain, began to interfere with his abilities and his judgment at the work-site. Due to his impaired ability to concentrate, he caught himself making mistakes in regards to important safety protocols for those whom he supervised. In one instance, a colleague saw his errors and as a result a serious accident was avoided. Had a colleague not corrected his error in regards to the process he had proposed for replacement of a section of piping, a deadly gas, Hydrogen Sulfide, would have been released into the atmosphere.

7. His physician increased his dosage of narcotic medication in 2020 to treat his increasing pain. Not only was McCown perceptive and responsible enough to recognize his increased impairments, he also became more concerned about his operation of the company vehicle that he used to drive to the work-site. In regards to the use of pain medication while working, the Williams work policy provided as follows:

> "Use of Legally Obtained Drugs
>
> Employees adversely affected by their use of any legally obtained drug (prescription or over the counter) may not be allowed to perform their regular job in such a condition.

> .........
> Williams prohibits the possession and use of any substance, whether legal or illegal, prescription or non-prescription, that impairs an employee's ability to perform his or her job in a safe manner."

8. As of October 27, 2020, McCown stopped working because he could no longer perform the material duties of his occupation due to his increasing pain and the side effects of the narcotics that he needed to control the pain. McCown was forced to abandon his goal of reaching forty years of service for Williams.

9. By virtue of his employment, McCown had short and long-term disability benefits. His short-term disability (STD) benefits were funded by Williams and administered by LINA under a company program that Williams indicates was not an ERISA plan.[1] His long-term disability (LTD) benefits were provided through a group policy issued to Williams insuring its employees that is underwritten and administered by LINA. The LTD policy is an ERISA plan.

10. Williams' STD program pays benefits for a maximum period of 26 weeks. The benefit amount, at least in regards to McCown because of his long tenure with the company, was 100% of his pre-disability earnings. A plan participant who remains disabled after 26 weeks is transitioned to long-term disability benefits. As a condition of receiving LTD benefits, the insured is required to provide evidence that he or she was disabled during the elimination period of 26 weeks. The LTD benefit under the LINA policy pays a basic benefit of 60% of a participant's pre-disability earnings but offers a buy-up option for

---

[1] On the other hand, third-party administrator LINA indicated in its denial letters that the Williams STD program is an ERISA plan.

plan participants that pays 70% of a participant's pre-disability earnings. McCown was enrolled in the buy-up option and paid the additional premiums required for that option.

11. LINA approved McCown's STD claim for the period from October 26, 2020 until March 26, 2021. Despite no improvement in McCown's condition, LINA sent McCown a letter dated April 21, 2021, indicating that it had terminated McCown's STD benefits as of March 27, 2021. LINA contended that as of March 27, 2021 and thereafter, the medical records did not support a claim for cognitive or functional limitations that would prevent McCown from returning to work.

12. McCown timely appealed LINA's adverse benefit determination. His treating physician told LINA in emphatic terms why the distant conclusions of its claims personnel and medical consultants were in error:

> "...chronic pelvic/groin pain S/P nerve block and right orchiectomy without relief. Patient is on chronic daily narcotics due to this pain. This started in 2013 and he was seen at Mayo Clinic then. Has seen several specialists in the past including neurology and urology and pain management……
> He has had thorough work-up for this by multiple doctors including urologist, neurologists, pain management specialists, but pain never subsides-He will continue current narcotics long term as nothing else alleviates the pain. We have filled out multiple disability forms for him, saying that he will not be able to return to work, but they want that information again. He WILL NOT BE ABLE TO RETURN TO WORK…."

13. In his appeal to LINA, McCown explained why could not return to work:

> "…Given the Williams policies I can not drive a company

5

> (vehicle) while using the pain control medications. Traveling to remote sites as well as responding to emergency situations is a requirement of the Sr Manager's role. I cannot fulfill those requirements given the (Williams) policy.
>
> As for the personal side of dealing with the pain, while using the medications I often find it hard to concentrate and stay alert. The pain has continued to get worse over time and has impacted my mental condition. I wouldn't want to ever put someone in harms way with a decision I made due to a lapse in judgment on my part."

14. McCown provided approximately 400 pages of documents, mostly medical records, in support of his appeal. McCown not only appealed the denial of STD benefits but made a claim for LTD benefits under the LTD policy.

15. Despite the clear evidence that he was not able to return to work, LINA denied McCown's appeal and claim for LTD benefits by letter dated January 13, 2022. In summary, LINA again determined that McCown was not disabled after March 26, 2021. LINA advised that McCown had exhausted all administrative levels of appeals and no further appeals would be considered. In the final denial, LINA also advised McCown that he had a right to bring a legal action for benefits under section 502(a) of ERISA.

**Exhaustion of Appeal Requirements**

16. McCown exhausted the administrative appeal requirements of the STD program and also exhausted the administrative appeal requirements of the LTD policy. LINA's denial of STD benefits was also a denial of LTD benefits.

### In Addition, the Futility Exception Applies to McCown's LTD Claim

17. If LINA contends that McCown's STD claim and appeal didn't also qualify as an LTD claim and appeal, McCown should not be required to go through the LTD administrative process again. Such an endeavor would be futile since LINA has already adopted a position on McCown's entitlement to LTD benefits. LINA's position on STD benefits, that McCown was no longer entitled to STD benefits as of March 26, 2021, was also a determination that he wasn't entitled to LTD benefits, since under the LTD policy a participant is required to be disabled throughout the 26 week elimination period. The evidence that was presented is support of McCown's claim for STD benefits is the same evidence to be considered for LTD benefits.

### LINA's Decision to Terminate Benefits Was Contrary to the Preponderance of the Evidence Or Was an Abuse of Discretion

18. Even if there is language in the policy or plan-related documents that is interpreted to grant LINA discretion to make benefit determinations under the group LTD policy, these discretionary provisions are unenforceable as to McCown's claims for LTD benefits because it is a violation of Texas law to seek enforcement of a discretionary clause in a disability policy against an insured living in Texas. Texas Insurance Code, §1701.062, and 28 Texas Administrative Code §§3.1201-3.1203. This anti-discretionary statute and its accompanying regulations are not preempted by ERISA.

19. In the unlikely event that LINA is found to have retained its discretionary authority so that this matter is reviewed under an abuse of discretion standard of review in regards to McCown's claim for LTD benefits, LINA abused its discretion in denying McCown LTD benefits.

20. LINA's decision to terminate McCown's STD benefits a month prior to their expiration, and by doing so denying McCown's claim for LTD benefits, resulted in LINA saving money, as the carrier is both the decision-maker and the underwriter of LTD benefits. As a result, LINA acted under a conflict of interest when it decided McCown's claim and his appeal. If abuse of discretion is determined to be the proper standard of review, this conflict of interest should be considered as a factor by this Court in determining whether or not LINA abused its discretion.

### IV.  CAUSES OF ACTION

**Count I: Claim for STD Benefits From March 26, 2021 to April 26, 2021 Under 29 U.S.C. §1132(a)(1)(B) of ERISA**

21. McCown seeks to recover one month of STD benefits, from March 26, 2021 to April 26, 2021, under the authority of 29 U.S.C. §1132(a)(1)(B) of ERISA. LINA was a plan fiduciary and in that capacity denied McCown's claim. As a result, since the decision to terminate STD benefits was arbitrary, LINA breached its fiduciary duty to McCown and is liable for the remaining STD benefits.

### Count II: Claim for Breach of Contract: Seeking STD Benefits
### From March 26, 2021 to April 26th, 2021

22. In the alternative, if the STD program is not deemed a benefit plan governed by ERISA, then McCown brings this claim for breach of contract against LINA. LINA was contractually obligated to pay those participants who qualified for benefits under the STD program. McCown was a third party beneficiary of the administrative services contract between LINA and his employer Williams that addressed the administration of the STD program. Although he qualified, LINA refused to pay his remaining STD benefits. LINA is in breach of the administrative services contract by terminating McCown's STD benefits, and McCown, as third-party beneficiary, was damaged as a result of that breach in the amount of his remaining STD benefits.

### Count III: Claim for LTD Benefits from April 27, 2021
### And Thereafter Under 29 U.S.C. §1132(a)(1)(B) of ERISA

23. McCown seeks to recover his LTD benefits, from April 27, 2021, to the present (and so long as this case is pending), under the authority of 29 U.S.C. §1132(a)(1)(B) of ERISA. As he remains disabled as that term is defined within the LTD policy, McCown is entitled to LTD benefits and LINA is obligated to pay those benefits under the LTD group policy.

### Count IV: Interference with Protected Rights:
### Claim Under §1140 of ERISA

24. In the alternative, McCown seeks to recover his benefits from March 26, 2021 to the present (and so long as this case is pending) as damages for

LINA's interference with his protected rights. LINA was the administrator of the STD benefits and administrator and underwriter of LTD benefits. LINA's adverse benefit determination, near the end of the STD period, when the evidence clearly indicated that McCown was entitled to STD benefits for the maximum period, was intended to interfere and discriminate against McCown. The purpose of LINA's denial of STD benefits near the end of the benefit period, when it was clear that McCown's health was not improving, was to interfere with McCown's ability to receive LTD benefits. This was a discriminatory purpose, unlawful and actionable under ERISA 29 U.S.C. §1140.

**Count V: Declaration of a Right to Other Benefits
And Request for Reimbursement**

25. McCown also seeks to a declaration that he is entitled to other plan benefits, including continued coverage for him and his family under the Williams health care benefit plan, as a result of a finding that he is entitled to LTD benefits under the group policy. McCown also seeks reimbursement from LINA for the premiums that he has paid for alternative (and more expensive) health care coverage. McCown has had to pay these premiums as a result of the wrongful denial of continued disability benefits by LINA.

## V.  RELIEF REQUESTED

26. Upon a finding of disability, the STD program entitles McCown to 100% of his pre-disability earnings. McCown's pre-disability earnings were approximately $195,324.31 per year, entitling him to $16,277.03 in STD benefits

10

for the period from March 26, 2021 until April 26, 2021. Also, McCown is entitled to LTD benefits in the amount of $11,393.92 per month, ($16,277.03 x .7) beginning April 27, 2021. As of April 27, 2022, McCown is entitled to the sum of $136,727.05 in back benefits ($11,393.92 x 12 months). McCown requests these back benefits as well as additional monthly benefits that accrue after April 27, 2022 but during the pendency of this litigation at the rate of $11,393.92 per month. In addition, McCown seeks recovery of his health care premium payments since October, 2021, in the sum of $7,988.02 through February of 2022, which will continue to accrue while this case is pending.

## VI. ATTORNEY'S FEES

27. McCown requests his attorney's fees and costs under 29 U.S.C.A. 1132(g).

## CONCLUSION

Wherefore, premises considered, McCown requests back disability benefits in the amount of $153,004.08, plus monthly disability benefits that accrue after April 27, 2022 but while this case is pending at the rate of $11,393.92 per month, and reimbursement of health care premium payments and a declaration of rights as to all other benefits available to LTD recipients under Williams' benefit plans. He also requests his attorney's fees, for pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which he may show himself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Commerce Building
314 E. Commerce, Suite 300
San Antonio, Texas 78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By: */s/ Jeffrey E. Dahl*
**Jeffrey E. Dahl**
**State Bar No. 05310900**
**Attorney for Plaintiff Patrick D. McCown**